UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| **MARKIE L. FARNHAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 1:13-cv-305-JDL** |
| **WALMART STORES EAST, L.P.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER GRANTING PLAINTIFF'S MOTION *IN LIMINE*

## I. FACTUAL BACKGROUND

This case involves a complaint for disability discrimination brought by Markie Farnham ("Farnham") against Walmart Stores East, L.P. ("Walmart") under the Maine Human Rights Act ("MHRA"), 5 M.R.S. § 4551 et seq. ECF No. 1; ECF No. 1-1. Farnham was a licensed pharmacy technician employed at the Walmart store in Calais, Maine from 2003 to 2012. ECF No. 43 at 1. She has moved *in limine* seeking an order precluding Walmart from introducing evidence, at summary judgment or trial, of a Consent Agreement she entered into with the State of Maine Board of Pharmacy ("the Board") and the Maine Office of the Attorney General ("the Attorney General") resolving a disciplinary action. ECF No. 30; ECF No. 30-1. I grant the motion.

The Consent Agreement was signed by Farnham in March 2013, more than a year after the termination of her employment by Walmart in January 2012. ECF No. 30-1 at 5. The agreement details events surrounding Farnham's termination. *Id.* In particular, the Consent Agreement notes that a Walmart pharmacist "made some

observations" that Farnham, who was taking prescription painkillers, was under the influence of those medications at work. *Id.* at 3. The Consent Agreement further notes that "it was reported that Ms. Farnham told one of her supervisors that she had taken two doses too close together and felt slightly impaired." *Id.* Farnham agreed that these and other reported facts would give the Board sufficient grounds to find that she committed disciplinary violations, and agreed to accept a warning from the Board as discipline for those violations. *Id.* at 4.

Farnham seeks to exclude the Consent Agreement from evidence under Federal Rule of Evidence 408 ("FRE 408"). ECF No. 30 at 2. Walmart contends that under the *Erie* doctrine, Maine Rule of Evidence 408 ("MRE 408") should apply instead, and argues that the Consent Agreement is admissible under that rule. ECF No. 38 at 1-2.

## II. LEGAL ANALYSIS

### A. The *Erie* Doctrine

A federal court sitting in diversity must apply state substantive law and federal procedural law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The Federal Rules of Evidence are generally considered to be procedural for purposes of *Erie* analysis. *See Carota v. Johns Manville Corp.*, 893 F.2d 448, 450 (1st Cir. 1990). In some cases, however, a state evidentiary rule embodies a substantive state policy to such a degree that application of the federal rule would violate the prohibition on displacing state substantive law with federal substantive law in diversity actions. *See id.* at 451; *McInnis v. A.M.F., Inc.*, 765 F.2d 240 (1st Cir. 1985). In making this

determination, the relevant inquiry is whether application of the federal rule "impinges on some substantive state policy embodied in the state rule." *Ricciardi v. Children's Hosp. Med. Ctr.*, 811 F.2d 18, 21 (1st Cir. 1987).

At issue here is whether to apply FRE 408 or its state analog, MRE 408. FRE 408 provides:

> **(a) Prohibited Uses.** Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> > **(1)** furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
> >
> > **(2)** conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
>
> **(b) Exceptions.** The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

FED. R. EVID. 408.

MRE 408 provides in relevant part:

> **(a) Settlement Discussions.** Evidence of furnishing or offering or promising to furnish, or accepting or offering or promising to accept, a valuable consideration in compromise or attempting to compromise a claim is not admissible to prove liability for, invalidity of, or amount of the claim or any other claim. Evidence of conduct or statements made in compromise negotiations or in mediation is also not admissible on any substantive issue in dispute between the parties or to impeach a witness through a prior inconsistent statement or contradiction.

M.R. Evid. 408.

The relevant difference between MRE 408 and FRE 408 is that FRE 408 makes inadmissible, for certain purposes, "conduct or a statement made during compromise negotiations about the claim," Fed. R. Evid. 408(a)(2), while MRE 408 makes "conduct or statements made in compromise negotiations . . . not admissible on any substantive issue in dispute *between the parties*." M.R. Evid. 408(a) (emphasis added). Therefore, conduct and statements from compromise negotiations may be admissible under the Maine rule, but not the federal rule, if, as here, they occurred during negotiations between a party to the case and a non-party. *See State v. Tracy*, 2010 ME 27, ¶ 24, 991 A.2d 821 (noting that the Law Court has "consistently upheld the admission of evidence from negotiations" when offered "in the separate litigation of a different dispute"). Walmart contends "the drafters of Maine Rule 408 made a conscious decision to depart from Federal Rule 408 by making settlement evidence inadmissible only when offered in a dispute 'between the parties.'" ECF No. 38 at 2. The dispositive question, then, is whether, to the extent that MRE 408 and FRE 408 differ, the difference embodies a substantive state policy that would be encroached upon should the federal rule apply.

The fact that MRE 408 and FRE 408 differ does not lead inescapably to the conclusion that the difference is a matter of substance and not procedure. The line that separates substance and procedure is non-linear. As explained in *Carota*:

> [L]aws which fix duties, establish rights and responsibilities among and for persons . . . are 'substantive laws' in character while those which merely prescribe the manner in which such rights and responsibilities may be exercised and enforced in a court are 'procedural laws.' Generally, rules of evidence are procedural, since they describe the

> admissibility, relevancy, weight and sufficiency of information utilized at trial to define substantive rights.

893 F.2d 448 at 450 (citations omitted).

I see no reason here to vary from the assumption that rules of evidence are procedural, and that differences between the Maine and Federal Rules of Evidence are procedural in nature until shown to be otherwise. Walmart has pointed to nothing in the history of MRE 408 that indicates any substantive rationale for its difference from FRE 408. *See* ECF No. 38 at 2-5. Walmart argues that the Law Court has articulated a "specific policy rationale" behind the difference in *LeClair v. Commercial Union Ins. Co.*, 679 A.2d 90 (Me. 1996). *Id.* at 3. In that case the Law Court concluded that a trial court had properly admitted evidence of statements made on behalf of the plaintiff, an injured motorist, in a settlement brochure prepared in connection with an unrelated automobile accident to which the defendant insurer was not a party. *LeClair*, 679 A.2d at 92. In concluding that MRE 408 was not violated, the Law Court observed that "[t]he rule's objective of encouraging out-of-court disposition of disputes between parties is not threatened when settlement evidence is admitted at trial and one of the parties to the agreement is not a party to the present action." *Id.* at 93. MRE 408's broader policy goal of facilitating settlement is not infringed by the application of FRE 408 in this case. In fact, that policy is advanced by applying the more restrictive provisions of FRE 408 so as to exclude from evidence the Consent Agreement where the Board and the Attorney General are not parties to the present action.

In addition, the federal cases cited by Walmart in support of viewing MRE 408 as an embodiment of state substantive policy are distinguishable. In *Carota*, the First Circuit held that Massachusetts' version of Rule 408 embodied substantive state policy with respect to the admissibility, on the issue of damages, of the amount the plaintiff had received in a settlement from other defendants. *Carota*, 893 F.2d 448 at 451. The court based its decision on the idea that "[t]he law of damages . . . is substantive." *Id.* at 450. Here, however, the law of damages is not implicated. A similar analysis applied in *Morton v. Brockman*, 184 F.R.D. 211, 215 (D. Me. 1999), where the court found a Maine statute on the admissibility of seatbelt non-use to be grounded in substantive state policy. However, the court identified legislative history in support of this proposition, and was influenced by a series of appellate decisions finding seatbelt use laws to be substantive. *Id.* These considerations do not appear here.

The rules of evidence are generally considered procedural for purposes of the *Erie* doctrine because "they describe the admissibility, relevancy, weight and sufficiency of information utilized at trial to define substantive rights." *Carota*, 893 F.2d at 450. That is the case with MRE 408 as applied here. Whether to treat the Consent Agreement as admissible at trial bears on the application of Farnham's and Walmart's respective substantive rights under the Maine Human Rights Act, but does not define those rights. Accordingly, I conclude that FRE 408 governs the admissibility of the Consent Agreement entered into by Farnham, the Board, and the Attorney General.

## B. Application of Rule 408 of the Federal Rules of Evidence

As discussed, Federal Rule of Evidence 408 bars the admission of settlement agreements, or conduct or statements made during the course of settlement negotiations, when offered to prove or disprove the validity or amount of a disputed claim, or for impeachment purposes. Fed. R. Evid. 408(a). This prohibition applies to agreements between a plaintiff and third parties. *See Portugues-Santana v. Rekomdiv Intern.*, 657 F.3d 56, 63 (1st Cir. 2011). While few Courts have considered the issue, "[c]ourts generally agree that Rule 408 applies to consent decrees." *See Wilson v. Parisi*, 2009 WL 151666, 1 (M.D. Pa. Jan. 21, 2009).[1]

Here, Farnham entered into a consent decree with the Board and avoided proceeding to a formal disciplinary hearing. ECF No. 30-1 at 3-4. The Consent Agreement, then, clearly represents "furnishing, promising, or offering – or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim." *See* Fed. R. Evid. 408(a). The Consent Agreement represents Farnham's acceptance of the compromise of a claim and is, therefore, inadmissible to prove the validity or invalidity of her claim, or for impeachment purposes in this case.

Walmart proposes to offer the Consent Agreement "to defend against Plaintiff's [disability] claim." ECF No. 38 at 4. Specifically, Walmart contends that the Consent Agreement is relevant to the reasonableness of Walmart's decision to terminate

---

[1] Walmart does not argue that the Consent Agreement is admissible under FRE 408. *See* ECF No. 38 at 3 (FRE 408 "generally makes settlement negotiations from a prior dispute between different parties inadmissible in a subsequent case"). However, I address this question because it is the subject of Farnham's motion *in limine*.

Farnham, and to the issue of Farnham's damages. *Id.* at 4-5. The first of these purposes goes to the issue of liability, the second relates to the amount of any recovery if liability is established. Because both issues pertain to the validity of Farnham's claim, the Consent Agreement is inadmissible for all purposes thus far suggested by Walmart.[2]

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion *in limine* is **GRANTED**.

**SO ORDERED**.

Dated December 8, 2014

/s/ Jon D. Levy
U.S. District Judge

[2] As Farnham acknowledged at the hearing on the motion, this conclusion does not mean that Walmart should be prevented from introducing evidence at trial establishing the periods during which Farnham's pharmacy technician license had been suspended or had lapsed, as that bears on the issue of her entitlement, if any, to an award of back pay.